UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| Lara Burchfield<br><br>         Plaintiff,<br><br>-v.-<br><br>Stellar Recovery, Inc.<br><br>         Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Lara Burchfield ("Plaintiff" or "Burchfield") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Stellar Recovery, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of Colorado, County of Arapahoe, residing at 3303 South Marion Street, Englewood, CO, 80113.

3. Defendant is a debt collector with an address at 1327 Highway 2 W., Suite 100, Kalispell, MT 59901-3413.

4. Stellar Recovery, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8.    On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9.    This debt was  incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10.    On or around May 20 2016, Defendant sent Plaintiff a collection letter that included collection costs for credit cards, debit cards, or check payments.

11.    Further upon attempting to pay on the website these charges exists as well.

12.    Plaintiff did not agree to such a collection charge and this collection fee exceeds any reasonable costs of collection for this account.

13.    The addition of this collection fee by Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff.

14.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

15.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

16.    Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2),1692e(5), 1692e(10), 1692f, and 1692f(1).

17.    As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff Lara Burchfield demands judgment from the Defendant Stellar Recovery, Inc., as follows:

a)      For actual damages provided and pursuant to <u>15 U.S.C. § 1692k(a)1);</u>

b)      For statutory damages provided and pursuant to <u>15 U.S.C. § 1692k(2)(A);</u>

c)      For attorney fees and costs provided and pursuant to <u>15 U.S.C. § 1692k(a)(3);</u>

d)      A declaration that the Defendant's practices violated the FDCPA; and

e)      For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
         November 23, 2016

                     /s/ Yaakov Saks
**RC Law Group, PLLC**
By:  Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 Ext. 201
Fax: 201.282.6501